UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

MICHELLE CURRY )
    Plaintiff, )
     )
v. ) Case Number: 6:23-cv-8-PGB-DCI
     )
TRANSUNION, LLC, )
EXPERIAN INFORMATION SOLUTIONS INC, ) JURY TRIAL DEMANDED
MIDLAND CREDIT MANAGEMENT, INC. )
PORTFOLIO RECOVERY ASSOCIATES LLC )
COMENITY BANK )
TD BANK USA, NA )
    Defendants. )

COMPLAINT

1. This is a civil action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C.§1692 et. Seq. and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C.§1681 et. Seq. This Court has jurisdiction pursuant to 15 U.S.C. § 1681p and 15 U.S.C. § 1692k(d).

2. Plaintiff Michelle Curry ("Plaintiff") is a consumer and natural person residing in the State of Florida.

3. Defendant Transunion, LLC ("Transunion") is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Transunion is a Delaware Corporation registered to do business in the State of Florida.

4. Defendant Experian Information Solutions, Inc. ("Experian") is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Experian is an Ohio Corporation registered to do business in the State of Florida.

5. Defendant Midland Credit Management ("Midland") is a Debt Collector according to

1

15 U.S.C.§1692a(6).

6. Defendant Midland is a "user of consumer reports" and "furnisher of information to consumer reporting agencies" as those terms are defined by 15 U.S.C. §1681s-2.

7. Defendant Portfolio Recovery Associates ("Portfolio") is a Debt Collector according to 15 U.S.C. §1692a(6).

8. Defendant Portfolio is a "user of consumer reports" and "furnisher of information to consumer reporting agencies" as those terms are defined by the 15 U.S.C. §1681s-2.

9. Defendant Comenity Bank ("Comenity") is a Debt Collector according to 15 U.S.C. §1692a(6).

10. Defendant Comenity is a "user of consumer reports" and "furnisher of information to consumer reporting agencies" as those terms are defined by 15 U.S.C. §1681s-2.

11. Defendant TD Bank, NA ("TD") is a Debt Collector according to 15 U.S.C. §1692a(6).

12. Defendant TD is a "user of consumer reports" and "furnisher of information to consumer reporting agencies" as those terms are defined by 15 U.S.C. §1681s-2.

13. On or about June 22, 2022, Plaintiff disputed the reporting of the Midland accounts 31097****, 31189****, 31273**** and 31273**** requesting debt validation. Midland failed to remove the accounts after Plaintiff disputed the accounts. The false reporting has caused Plaintiff financial harm, including lowering of credit scores.

14. On or about June 22, 2022, Plaintiff disputed the reporting of Portfolio accounts 604593100022****, 604585104516**** and 798192431447**** requesting debt

2

validation and ACDVs. The Bureaus did not furnish Plaintiff with the contents of her file. PRA failed to remove the accounts after Plaintiff disputed the accounts. On or about August 8, 2022, Plaintiff again disputed the inaccuracy of the credit reporting, specifically the Date of Last Activity was not reported. Defendant Portfolio failed to satisfy its duty under FCRA, 15 USC 1681s-2(b) of updating incomplete or inaccurate information it previously reported to Credit Reporting Agencies upon receipt of a notice from the Credit Reporting Agencies.

15. On or about June 22, 2022, Plaintiff disputed the reporting of Comenity accounts 778850201493**** and 778840107913**** for failing to report the last payment amount and Comenity failed to correct the inaccurate credit reporting. Defendant Comenity inaccurately reported the accounts as active charged off accounts when the balances of the accounts were zero. Defendant Comenity failed to satisfy its duty under FCRA, 15 USC 1681s-2(b) of updating incomplete or inaccurate information it previously reported to Credit Reporting Agencies upon receipt of a notice from the Credit Reporting Agencies.

16. On or about June 22, 2022, Plaintiff disputed the reporting of TD account 585975214045**** for failing to report the last payment amount and TD failed to correct the inaccurate credit reporting. TD inaccurately reported the accounts as an active charged off account when the account should be marked as closed. On or about August 8, 2022, Plaintiff again disputed the incorrect reporting and Defendant TD failed to satisfy its duty under FCRA, 15 USC 1681s-2(b) of updating incomplete or inaccurate information it previously reported to Credit Reporting Agencies upon receipt of a notice from the Credit Reporting Agencies.

17. Defendants Midland and Portfolio failed to communicate the alleged debts in

question were disputed by the Plaintiff and failed to remove the accounts until the investigations were completed.

18. Plaintiff disputed the accuracy of the reporting of the Midland, Portfolio, Comenity and TD accounts reported by Transunion and Experian ("Bureaus"). The Bureaus falsely reported paid and closed charged off accounts with balances of zero as open active charged off accounts. The Bureaus did not satisfy their duties, failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports, as required by 15 U.S.C. §1681e(b).

19. Plaintiff repeatedly asked for a reinvestigation and copies of the ACDVs in her credit files. Transunion did not satisfy their duties, failing to comply with the reinvestigation requirements in 15 U.S.C. §1681i. Transunion also did not satisfy their duties, failing to provide Plaintiff their credit file pursuant to U.S.C. §1681g.

20. Plaintiff repeatedly asked for a reinvestigation and copies of the ACDVs in her credit files. Experian did not satisfy their duties, failing to comply with the reinvestigation requirements in 15 U.S.C. §1681i. Experian also did not satisfy their duties, failing to provide Plaintiff their credit file pursuant to 15 U.S.C. §1681g.

21. Defendants Midland, Portfolio, Comenity, and TD Bank violations of the Fair Credit Reporting Act has harmed the Plaintiff by, inter alia damaging her credit rating and reputation.

22. Defendants Midland, Portfolio, Comenity and TD Bank violations of the Fair Credit Reporting Act were intentional or reckless.

23. For such violations, the Defendants are liable to the Plaintiff for actual damages, costs, and attorney's fees, pursuant to 15 U.S.C. §1681o.

24. For their willful violations of the Fair Credit Reporting Act, the Defendants are liable to the Plaintiff for actual damages, statutory damages of up to $1,000, punitive damages, costs, and attorney's fees pursuant to 15 U.S.C. § 1681n.

## FIRST CLAIM FOR RELIEF
## VIOLATION OF FCRA – 15 U.S.C. §1681

25. Defendants Transunion and Experian negligently failed to comply with the requirements imposed under the FCRA, including but not limited to:

    a. failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports, as required by 15 U.S.C. §1681e(b);

    b. failing to comply with the reinvestigation requirements in 15 U.S.C. §1681i;

    c. failing to provide Plaintiff their credit file pursuant to 15 U.S.C. §1681g

26. As a result of Defendants violations of the FCRA, Plaintiff suffered, continues to suffer and will suffer future damages, worry, mental anguish, distress and frustration, all to her damages, in an amount to be determined by the jury.

27. Plaintiff is entitled to actual damages in an amount to be determined by the jury.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF FCRA – 15 U.S.C. §1681

28. Defendants Midland, PRA, Comenity and TD willfully failed to comply with the requirements imposed under the FCRA, 15 U.S.C. §1681 et seq., including but not limited to:

    a. failing to comply with reporting correct information after notice and confirmation of errors, as required by 15 U.S.C. §1681s-2(b).

29. As a result of Defendants' violations of the FCRA, Plaintiff has suffered, continues to suffer, and will suffer future damages, worry, mental anguish, distress and frustration to her damages, in an amount to be determined by the jury.

    a. Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

    b. Plaintiff is entitled to actual damages in an amount to be determined by the jury in additional to any statutory damages in an amount to be determined by the Court.

    c. Plaintiff is entitled to legal fees including court costs, pursuant to 15 U.S.C. §1681o.

## THIRD CLAIM FOR RELIEF
## VIOLATION OF FDCPA–15 U.S.C.§1692

30. Defendants Midland and Portfolio willfully failed to comply with their requirements imposed under the FDCPA, 15 U.S.C. §1692 et seq., including but not limited to:

    a. Frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which noncompliance was intentional in 15 U.S.C. §1692k(b)(1)i;

    b. Failing to disclose to the consumer reporting agencies the alleged debts were in dispute as required in U.S.C. §1692e(8)

31. As a result of Defendant's violations of the FDCPA, Plaintiff has suffered, continues to suffer, and will suffer future damages, worry, mental anguish, distress and frustration to her damages, in an amount to be determined by the jury.

32. Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

33. Plaintiff is entitled to actual damages in an amount to be determined by the jury in additional to any statutory damages in an amount to be determined by the Court.

34. Plaintiff is entitled to legal fees including court costs, pursuant to 15 U.S.C. §1692k(a)(3).

## PRAYER FOR RELIEF

Plaintiff demands a jury trial on all claims. Wherefore Plaintiff, prays for judgment as following:

1. On Plaintiff's First Claim for Relief:
    a. Actual Damages in an amount to be determined by the jury;
    b. Punitive damages in an amount to be determined by the jury; and
    c. Statutory damages including attorney fees as determined by the court; and
    d. Court Costs.

2. On Plaintiff's Second Claim for Relief:
    a. Actual Damages in an amount to be determined by the jury;
    b. Punitive damages in an amount to be determined by the jury; and
    c. Statutory damages including attorney fees as determined by the court; and
    d. Court Costs.

3. On Plaintiff's Third Claim for Relief:
    a. Actual Damages in an amount to be determined by the jury;
    b. Punitive damages in an amount to be determined by the jury; and
    c. Statutory damages including attorney fees as determined by the court; and
    d. Court Costs.

Respectfully Submitted,

Michelle Curry
Pro-Se
3206 Portofino Way
Champions Gate, FL 33896
michelle.curry0422@outlook.com